William G. Wohner and Bonnie J. Wohner v. commissioner.
Wohner v. Commissioner
Docket No. 546-69 "SC".
United States Tax Court
T.C. Memo 1971-57; 1971 Tax Ct. Memo LEXIS 277; 30 T.C.M. (CCH) 246; T.C.M. (RIA) 71057; March 29, 1971, Filed *277 Held: Petitioners proved that during 1966 they provided more than half of the total support of William's daughter by a prior marriage, Annette, and are therefore entitled to a dependency exemption deduction for Annette in that year. Held, further: Petitioners failed to prove that they furnished over half of the total support in 1966 of William's other two children by the prior marriage, James and Esther, and therefore are not entitled to dependency exemption deductions for these two children in that year. Secs. 151(a), 151(e), and 152(a), I.R.C. 1954. Gilbert H. Nutt, 10th Floor Republic Bldg., Louisville, Ky., for the petitioner. Christopher Rhodes, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioners' income tax for 1966 in the amount of $337.55. The only issue for our decision is whether petitioners are entitled to dependency exemption deductions in 1966 for William's three children by a prior marriage, Annette, James, and Esther. Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by this reference. 247 The petitioners, William G. and Bonnie J. Wohner, are husband and wife and reside at Pewee Valley, Kentucky. The petitioners filed a joint income tax return for *279 the year 1966 with the district director of internal 1966 with the district director of internal revenue for the district of Kentucky, Louisville, Kentucky. The petitioners received a statutory notice of deficiency dated December 24, 1968. Throughout the year 1966, William's three children by a previous marriage, Annette, James, and Esther, lived with his former wife and her present husband, Marlin K. Kittle, at 706 East Chestnut Street, Louisville, Kentucky. On December 31, 1966, Annette, James and Esther, were eight, six, and five years of age, respectively. During 1966 William and Bonnie had a daughter and a son who lived with them; however, their son died at some undisclosed time during 1966. William worked for the Bellville Manufacturing Company and reported total income on his income tax return of $7,959.74. During 1966 William paid a total of $1,386 in child support payments to the Jefferson County Juvenile Court for Annette, James, and Esther, amounting to $462 for each child. In addition, William paid a total of $28 in health insurance premiums for the benefit of these three children, amounting to $9.33 for each child. Also during 1966, Annette visited William's mother, *280 Bertha Wohner, for a period of eight weeks, during which time he gave Bertha $10 a week, or a total of $80, for Annette's support. Petitioners' total contributions toward the support of Annette, James, and Esther were $551.33, $471.33, and $471.33, respectively. Annette, James, and Esther each received total support during 1966 for each of the categories of expense listed below as follows: Utilities
$ 84.00
Food
520.00
Lodging
144.00
School Lunches
99.00
School Books
5.00
Miscellaneous School Expenses
10.00
Clothing
150.00
Blue Cross - Blue Shield 9.33
Total
$1,021.33
Marlin Kittle received a total net income, after withholdings, of $3,906.14 during 1966 from wages. He also had access to about $1,000 in savings and an undetermined amount of money which was loaned to him by his brother during that year. On their income tax return for 1966 the petitioners claimed Annette, James, and Esther as dependents and stated that petitioners furnished 100 percent of the support for these children. In his statutory notice of deficiency, respondent determined that petitioners were not entitled to these dependency exemption deductions because they did not *281 provide over half of the children's support. Petitioners provided over one-half of Annette.s support during 1966 but failed to prove that they provided over one-half of either James' or Esther's total support in that year. Opinion The only issue for our decision is whether the petitioners are entitled to deductions in 1966 for personal exemptions for William's three children of a prior marriage, Annette, James, and Esther, as dependents under sections 151(a) and (e) (1). [1]
This is another of those difficult and unfortunate cases in which, following divorce, the parents of minor children remarry and then proceed to carry on a running feud, year after year, about who is entitled to claim the children as dependents for income tax purposes. As we have often noted, the parent not having custody of the children frequently faces an impossible task in attempting to prove that his or her support contributions during a *282 given year constitute more than one-half of the total support furnished to a child during that year. Section 152(a) includes in its definition of a "dependent" a son, daughter, stepson, or stepdaughter of the taxpayer over half of whose support was received from the taxpayer. The burden of proof is on the petitioners to prove not only their own expenditures in support of each child, but also that those amounts exceeded one-half of the total support provided in each instance. ; . Although petitioners do not need to conclusively prove the exact or precise total cost of support for each child, they must provide us with convincing evidence establishing that the amounts they provided exceed one-half of the total support. . 248 On the record presented by this case we must conclude that petitioners have failed to provide us with the requisite evidence to establish that the amounts they provided for the support of James and Esther exceeded one-half of the total support of these children in 1966. We have found that William contributed $471.33 *283 to the support of each of these two children during 1966. This is almost the entire amount he claims he contributed for the supportof these children. In order for him to be entitled to the claimed dependency exemptions for these children it would be necessary for William to prove that total support for each child was less than $942.66. However, the evidence of record does not reasonably establish an approximation of the total support, actually furnished these children, that would permit him to prevail. If we disregard or discredit the evidence of the children's stepfather as to total support of the children, there is no evidence to establish the amount of total child support. If it is considered, as we have concluded it should be, then petitioners have not proved that they contributed more than one-half thereof. Respondent's determination is presumptively correct. Since petitioners have failed to prove that they provided more than half of the total support of either James or Esther during 1966, we must hold that they have failed to carry their burden of proof with respect to these claimed dependency deductions. Respondent's determination regarding these two children must therefore *284 be sustained. On the other hand, we have found that petitioners have carried their burden of proof and have established that they provided over half of Annette's total support during the taxable year 1966. Petitioners provided a total of $551.33 for Annette's support during that year. Her total support from all sources was established as $1,021.33. [2] Since petitioners' contributions were more than one-half of the amount of Annette's total support, we conclude and hold that thy are entitled to a dependency exemption deduction for this child for the year 1966. *285 Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless other-wise noted. The amendments to section 152 to apply a special support test in the case of children of divorced parents, (sec. 152(e)(2)), do not apply to the year 1966.↩
2. Annette was absent from her monther's and stepfather's home for eight weeks during the summer months as reflected by our findings. During this period of time petitioners paid her paternal grandmother $10 per week, the exact amount of the weekly expense for food testified to by her stepfather and set forth in the findings of fact. Petitioners are therefore entitled to claim that $80 amount as part of their contribution to Annette's support, but since during that period of time she was not eating her meals at home her total support remains unchanged, including $440 spent by her mother $80 spent by her father for food during 8 weeks.↩